E-FILED
Saturday, 28 May, 2005  03:49:32 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS - PEORIA DIVISION

| | | |
|---|---|---|
| MARIAN BUCHANAN, | ) | |
| plaintiff, | ) ) ) | Case No. 03-cv-1186 |
| v. | ) ) | Honorable John A. Gorman |
| TNT LOGISTICS NORTH AMERICA, INC., | ) ) | |
| defendant. | ) | |
| RAFEAL D. WHITLOW, | ) ) | |
| plaintiffs, | ) ) | Case No. 03-cv-1117 |
| v. | ) ) | Honorable John A. Gorman |
| TNT LOGISTICS NORTH AMERICA, INC., | ) ) | |
| defendant. | ) | |
| CHARLES E. HARRIS, | ) ) | |
| plaintiff, | ) ) | Case No. 04-1100 |
| v. | ) ) | Honorable John A. Gorman |
| TNT LOGISTICS NORTH AMERICA, INC., | ) ) | |
| defendant. | ) | (Consolidated for Discovery Only) |

PLAINTIFFS' MOTION FOR EXTENSION OF THE
DISCOVERY CUT-OFF DATE

Plaintiffs Charles E. Harris and Rafeal D. Whitlow, by their undersigned counsel, respectfully move this Court to extend the discovery cutoff date in these cases for thirty days, through and including June 30, 2005,[1] so that plaintiffs may conduct the depositions of Mr. Jan

---

[1] Mr. Backman is filing concurrently herewith a motion to withdraw from the *Buchanan* case, and thus is bringing this motion only for the other two plaintiffs only. Yet, Mr. Backman believes that extending the deadline in all three cases would be prudent under the circumstances, and thus requests that the extension, if granted, apply to all three.

Guritz (defendant's regional manager) and Mr. Merle Rocke (defendant's former plant manager for the facility at issue here).  In support of their motion, plaintiffs state as follows:

1. By a Minute Entry dated November 23, 2004, this Court (a) consolidated these three cases for discovery, (b) set the discovery cutoff dates in all three cases for May 31, 2005, (c) set a staggered dispositive motion schedule for the three cases (commencing June 23 and ending August 5, 2005), (d) scheduled pretrial conferences for all three on December 9, 2005, and (e) set a staggered trial schedule for the cases starting in January 2006.

2. Since the entry of the November 23 Order, the parties have completed their discovery in the *Whitlow* and the *Buchanan* cases (including the deposition of Mr. Rocke), with the exception of the deposition of Mr. Guritz.

3. Similarly, the parties also have completed their discovery in the *Harris* case, with the exception of Mr. Guritz <u>and</u> Mr. Rocke.

4. The parties did not complete Mr. Rocke's deposition in the *Harris* case because, during his deposition in the other two cases, TNT's counsel objected to Mr. Harris' counsel asking questions regarding Mr. Harris' allegations when discovery had not yet commenced in Mr. Harris' case.  Plaintiffs' counsel disagreed with this position, but agreed not to pursue the matter, and instead to re-depose Mr. Rocke once the discovery in the *Harris* case was underway.  Yet, because Mr. Rocke has since left defendant, arranging his deposition has proven somewhat more difficult than has been the case with the other witnesses.

5. As for Mr. Guritz's deposition, the fault for its not having yet been conducted lies principally with plaintiffs' counsel.  Although the parties previously had scheduled Mr. Guritz's deposition back in April 2004, and plaintiffs formally had noticed it for April 30, 2004, plaintiffs' counsel inadvertently left Mr. Guritz out of recent communications with

defendant's counsel regarding the depositions remaining to be taken, and thus defendant's counsel understandably did not arrange for this deposition.

6. Nevertheless, plaintiffs submit that, in light of their due diligence in the conduct of the discovery in the three cases, the fact that they previously noticed and scheduled Mr. Guritz's deposition and the absence of any prejudice to defendant arising from the short discovery extension requested here, the Court should excuse plaintiffs' oversight and permit this deposition, together with the re-deposition of Mr. Rocke, to proceed.[2]

7. With regard to the scheduling of other matters, the only dispositive motion deadline that could be affected by the 30 day extension requested here would be the June 23 deadline in the *Whitlow* case. Frankly, plaintiffs doubt that any of the two deponents' testimony will affect the substance of defendant's inevitable motion for summary judgment in that case, but plaintiffs obviously would have no objection to an extension of the *Whitlow* dispositive motion deadline so that defendant has adequate time to review and incorporate the deponents' testimony into their motion.

WHEREFORE, plaintiffs pray that this Court enter an Order extending the discovery cut-off date in this case through and including June 30, 2005, and that the Court grant them such other and further relief as it may deem appropriate.

Dated: May 28, 2005                                    Respectfully submitted,


   /s/ Jonathan A. Backman
Jonathan A. Backman

---

[2] Prior to the Memorial Day weekend, defendant's counsel and plaintiffs' counsel agreed to bring this motion to extend, to allow for the re-deposition of Mr. Rocke, as an agreed motion. Because plaintiffs' counsel discovered over the holiday weekend his need to depose Mr. Guritz as well, plaintiff is filing this motion without identifying it as unopposed. But plaintiffs' counsel anticipates that defendant will not object to the motion's addition of this request.

Jonathan A. Backman
Law Office of Jonathan A. Backman
117 North Center Street
Bloomington, Illinois 61701-5001
(309) 820-7420

*Attorney for Plaintiffs Rafeal D. Whitlow
  and Charles E. Harris*

<u>CERTIFICATE OF SERVICE</u>

I, Jonathan A. Backman, an Illinois attorney, hereby certify that on May 28, 2005, I electronically filed **Plaintiffs' Motion for Extension of the Discovery Cut-off Date** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Terence B. Kelly, Esq.
Thomson & Weintraub
103-5 North Center Street
P.O. Box 3577
Bloomington, Illinois  61702-3577
tkelly@tnwlaw.com

and I hereby certify that I have delivered the document, by United States Mail, postage pre-paid to the following non-CM/ECF participant(s):

Ms. Marian Buchanan
910 East Oakland
Bloomington, IL 61701

                                                    /s/ Jonathan A. Backman
                                             _____
                                                   Jonathan A. Backman