**E-FILED**
Thursday, 02 June, 2005  02:01:20 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS – PEORIA DIVISION

| | | |
|---|---|---|
| MARIAN BUCHANAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 03 CV 1186 |
| | ) | |
| v. | ) | Honorable John A. Gorman |
| | ) | |
| TNT LOGISTICS NORTH AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| RAFAEL D. WHITLOW, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 03 CV 1117 |
| | ) | |
| v. | ) | Honorable John A. Gorman |
| | ) | |
| TNT LOGISTICS NORTH AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| CHARLES E. HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 04-1100 |
| | ) | |
| v. | ) | Honorable John A. Gorman |
| | ) | |
| TNT LOGISTICS NORTH AMERICA, INC. | ) | |
| | ) | |
| Defendant. | ) | (Consolidated for Discovery Only) |

## DEFENDANT'S MOTION FOR AN EXTENSION OF THE DISCOVERY CUT-OFF DATE AND FINAL DISCLOSURES OF PLAINTIFFS' TRIAL WITNESSES

NOW COMES the Defendant, TNT Logistics North America, Inc., by their attorneys Thomson & Weintraub and respectfully moves this Court to extend the discovery cut-off date in the above-referenced cases for at least thirty days, and requires all Plaintiff's to submit final disclosures of trial witnesses along with the subject matter of their testimony, and in support thereof states as follows:

1.     By minute entry dated November 23, 2004, this Court: a) consolidated these three cases for discovery, b) set the discovery cut-off dates on all three cases for May 31, 2005, c) set a staggered dispositive motion schedule for the three cases, d) scheduled pre-trial conferences for all three cases for December 9, 2005, and e) set a staggered trial schedule for the cases beginning in January of 2006.

2.     On May 6, 2004, Defendant sent trial witness interrogatories to Plaintiff's Rafael Whitlow and Marian Buchanan, which requested the identity of each witness who would testify at trial on that Plaintiff's behalf, along with the subject matter of their testimony.  Defendant served similar trial witness interrogatories on Plaintiff Charles Harris on August 27, 2004.

3.     On September 20, 2004, Plaintiff served a "consolidated amended witness list" in the Whitlow and Buchanan cases, listing thirteen trial witnesses.  The list did not contain the subject matter of their testimony nor did it indicate in which of the two cases (Whitlow or Buchanan or both) the witnesses will testify.  Subsequent to Plaintiff's consolidated trial witness list, Plaintiff's counsel and Defendant's counsel had numerous discussions regarding limiting the deposition of witnesses to only those individuals actually used at trial.  These discussions were memorialized as early as September 17, 2004 in a letter to Plaintiff's counsel by Defendant's counsel.

4.     Subsequently, in the fall of 2004, after settlement negotiations fell through, the depositions of various employees of the Defendant were conducted.

5.     In March and April of 2005, as the discovery cut-off deadline approached, counsel for Plaintiffs and Defendant had various discussions regarding the witnesses that Plaintiffs were actually going to call for trial so as to limit the need for taking depositions.  This culminated in an agreement by Plaintiffs' counsel to only call as witnesses each of the Plaintiffs

2

as well as all of the Defendant's employees (or former employees) who had already been deposed or were rescheduled to be deposed (Chris Nourie and Merle Rocke). This agreement was confirmed via email by Plaintiffs' counsel.

6.    As the discovery deadline approached, Plaintiffs counsel asked for formal response to his witness interrogatories so as to confirm the previous agreement and understanding of the parties and that no further depositions were needed.

7.    In the last several days, Plaintiffs' counsel has confirmed his agreement that only the Plaintiffs and the employees and/or former employees of TNT which have been deposed (or scheduled to be deposed) will be called to testify at trial. However, Plaintiffs' counsel has indicated that it is his indication that one or more of the Plaintiffs may testify in one or more of the other Plaintiffs' cases to support the others' claim of discrimination. Those parties were deposed early in the litigation before trial witnesses were disclosed and were not questioned about their knowledge of facts supporting other Plaintiffs' claims of discrimination. Specifically, Plaintiffs Whitlow, Buchanan and previous Plaintiff Wesley Tucker were all deposed in early 2004 at a time before Plaintiff Charles Harris' suit was even filed. The depositions of those Plaintiffs obviously did not involve any reference to Charles Harris' claim nor each others. However, Plaintiffs counsel now indicates he may call one or more of these individuals in the Harris or Whitlow suit.

8.    In addition, Plaintiffs' counsel has now filed a motion to withdraw as attorney for Plaintiff Marian Buchanan at a time when Buchanan's trial witnesses have not been limited by disclosure. Plaintiffs' counsel is again concerned that new counsel for Buchanan may seek to call witnesses other than those identified most recently by Plaintiffs' counsel have not been deposed.

3

1:03-cv-01186-JAG    # 25    Page 4 of 5

9.     This motion is in no way meant to impugn the conduct of Plaintiffs counsel during the discovery process of this case or in the disclosure of witnesses. Counsel for both parties have cooperated willingly and amicably in resolving all discovery issues that have arisen without the need for court intervention. However, given the close of discovery and given Plaintiffs' counsel's withdrawal as an attorney for one of the Plaintiffs, defense counsel is requesting a full and final disclosure of all trial witnesses and the subject matter thereon so as to be assured that all witnesses that need to be deposed have been deposed on the subject matter of their testimony.

WHEREFORE, based on the foregoing, Plaintiff is requesting that the Court set a reasonable time limit for each Plaintiff to list separately their trial witnesses as well as the subject matter that is the basis for their testimony and extend the discovery deadline to a reasonable time thereafter in the event that further depositions are necessary.

Respectfully submitted,

Defendant, TNT Logistics North America, Inc.

By: _____
Terence B. Kelly

Thomson & Weintraub
105 N. Center St.
Bloomington, IL 61701
(309) 829-7069
(309) 827-3458

4

## CERTIFICATE OF SERVICE

I, Terence B. Kelly, an Illinois attorney, hereby certify that on June 2, 2005, I electronically filed the foregoing Defendant's Motion for an Extension of the Discovery Cut-Off Date and Final Disclosures of Plaintiffs' Trial Witnesses with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Jonathan A. Backman
Law Office of Jonathan A. Backman
117 N. Center St.
Bloomington, IL  61701-5001

Terence B. Kelly
Attorney for Defendant